IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JASON McKINNEY,

    Petitioner,

v.                                            Case No. 2:24-cv-02125-MSN-tmp

BRUCE TEARSON,

    Respondent.

---

**ORDER DISMISSING § 2241 PETITION AS MOOT, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL, AND DENYING PENDING MOTION (ECF NO. 5) AS MOOT**

---

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") of Petitioner Jason McKinney, a former federal prisoner.[1] (ECF No. 1.)  For the reasons that follow, the § 2241 Petition is **DISMISSED** as moot.

I.    <u>BACKGROUND</u>

On June 21, 2006, Petitioner was charged in a three-count indictment with: (1) knowing and intentional possession with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, "crack," in violation of 21 U.S.C. §§ 841(a)(1),

---

[1] At the time Petitioner filed his § 2241 Petition, he was an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis") under register number 55169-060.  (ECF No. 1 at PageID 1; ECF No. 1-8 at PageID 155.)  He was released from custody on July 16, 2025.  *See* https://www.bop.gov/inmateloc/ (Register No. 55169-060) (last accessed Sept. 25, 2025); *see also United States of Am. v. McKinney*, Case No. 2:06-cr-20078-CM (D. Kan.) ("Criminal Case"), ECF No. 478 at PageID 24, 32 (Executive Grant of Clemency by former President Joseph R. Biden, Jr., dated January 17, 2025 (commuting McKinney's sentence and setting July 16, 2025 as sentence expiration date)).  Petitioner has not notified the Court of his new address.

1

841(b)(1)(A)(iii); (2) knowing, intentional, and unlawful use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (3) as a person convicted in 1999 of crimes punishable by imprisonment for a term exceeding one year, knowing and unlawful shipment and transport in interstate and foreign commerce, possession, and receipt of a firearm that had been shipped and transported in interstate and foreign commerce, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). *See* Criminal Case, ECF No. 1 at PageID 1-4. On April 9, 2007, Petitioner entered into a plea agreement. Criminal Case, ECF No. 57; *see also* Criminal Case, ECF No. 70. On May 15, 2008, the United States District Court for the District of Kansas denied Petitioner's motion to withdraw his guilty plea. Criminal Case, ECF No. 133. On March 6, 2009, the United States District Court for the District of Kansas sentenced Petitioner to a total term of 420 months imprisonment (360 months imprisonment on Count 1, and 60 months on Count 2 to run consecutive to Count 1), with 10 years of supervised release upon Petitioner's release from imprisonment (10 years supervised release on Count 1, and 5 supervised release years on Count 2, to run concurrently). Criminal Case, ECF No. 195.

Petitioner filed a direct appeal. Criminal Case, ECF Nos. 198, 202. On February 2, 2010, the United States Court of Appeals for the Tenth Circuit affirmed the judgment of the district court. Criminal Case, ECF No. 220. On January 27, 2011, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Criminal Case, ECF No. 224. On September 2, 2011, his § 2255 petition was denied. Criminal Case, ECF No. 237. On April 18, 2012, the Tenth Circuit denied Petitioner's request for a certificate of appealability and dismissed his appeal. Criminal Case, ECF No. 244.

Petitioner filed the present § 2241 Petition with this Court on February 27, 2024. (ECF No. 1.) He paid the $5.00 habeas filing fee on April 10, 2024. (ECF No. 3.) Petitioner

2

challenges: whether Congress has the power to regulate commerce among the several states; whether the Controlled Substance Act applies to Petitioner; whether Petitioner is in custody in violation of 44 U.S.C. § 1505(a)(1)-(3)[2], 44 U.S.C. § 1507[3], and 5 U.S.C. § 553(b)(1)-(3)[4] and (d)(1)[5]; and whether the Government "fails to meet its burden" under 21 U.S.C. § 885(a)(1) and

---

[2] "Proclamations and Executive Orders; documents having general applicability and legal effect; documents required to be published by Congress: There shall be published in the Federal Register -- (1) Presidential proclamations and Executive orders, except those not having general applicability and legal effect or effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof; (2) documents or classes of documents that the President may determine from time to time have general applicability and legal effect; and (3) documents or classes of documents that may be required so to be published by Act of Congress." 44 U.S.C. § 1505(a)(1)-(3).

[3] "A document required by section 1505(a) of this title to be published in the Federal Register is not valid as against a person who has not had actual knowledge of it until the document has been filed with the Office of the Federal Register and a copy made available for public inspection as provided by section 1503 of this title. Unless otherwise specifically provided by statute, filing of a document, required or authorized to be published by section 1505 of this title, except in cases where notice by publication is insufficient in law, is sufficient to give notice of the contents of the document to a person subject to or affected by it. The publication in the Federal Register of a document creates a rebuttable presumption -- (1) that it was duly issued, prescribed, or promulgated; (2) that it was filed with the Office of the Federal Register and made available for public inspection at the day and hour stated in the published notation; (3) that the copy contained in the Federal Register is a true copy of the original; and (4) that all requirements of this chapter and the regulations prescribed under it relative to the document have been complied with. The contents of the Federal Register shall be judicially noticed and without prejudice to any other mode of citation, may be cited by volume and page number." 44 U.S.C. § 1507.

[4] "It shall not be necessary for the United States to negative any exemption or exception set forth in this subchapter in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this subchapter, and the burden of going forward with the evidence with respect to any such exemption or exception shall be upon the person claiming its benefit." 21 U.S.C. § 885(a)(1).

[5] "General notice of proposed rule making shall be published in the Federal Register, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law. The notice shall include -- (1) a statement of the time, place, and nature of public rule making proceedings; (2) reference to the legal authority under which the rule is proposed; (3) either the terms or substance of the proposed rule or a description of the subjects and issues involved […] The required publication or service of a substantive rule

28 U.S.C. § 2248.[6] (ECF No. 1 at PageID 1-2.) Petitioner seeks to be "immediately discharged from the Warden's custody." (*Id*. at PageID 11, 14, 15, 17-18.)

## II. ANALYSIS

When Petitioner filed his § 2241 Petition, he was serving his 420-month custodial sentence. (*See* ECF No. 1 at PageID 1, 18.) Petitioner was released from BOP custody on July 16, 2025, after former President Biden commuted his sentence. (*See* https://www.bop.gov/inmateloc/ (Register No. 55169-060) (last accessed Sept. 25, 2025); *see also* Criminal Case, ECF No. 478 at PageID 24, 32.)

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (quoting U.S. Const., art. III, § 2). A case or controversy, at a minimum, requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and

---

shall be made not less than 30 days before its effective date, except -- (1) a substantive rule which grants or recognizes an exemption or relieves a restriction." 5 U.S.C. § 553(b)(1)-(3) and (d)(1).

[6] "The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248.

redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7. Once the prisoner's sentence has expired, however, he must make an affirmative showing that he is suffering some concrete "collateral consequence" because of his completed sentence, or his claim is properly dismissed as moot. *Id*.

The § 2241 Petition is moot because Petitioner has completed his custodial sentence and has been released from BOP custody. Any arguments that Petitioner is in custody in violation of federal law have been rendered moot by former President Biden's commutation of Petitioner's sentence and Petitioner's resulting release from custody. *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (stating that a case becomes moot "and falls outside [a court's] jurisdiction" when "events occur during the pendency of a litigation which render the court unable to grant the requested relief").

The relief sought in Petitioner's § 2241 Petition is "immediate[] discharge[] from the Warden's custody." (ECF No. 1 at PageID 11, 14, 15, 17-18.) Because Petitioner has been discharged and his custodial sentence is regarded as completed, the Court is "unable to grant the requested relief." *See Demis*, 558 F.3d at 512. The § 2241 Petition (ECF No. 1), and Petitioner's Motion for Judgment on the Pleadings and for Default Judgment (ECF No. 5), are **DISMISSED** as moot. Judgment shall be entered for Respondent.

### III.　APPELLATE ISSUES

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal *in forma pauperis*.[7]

**IT IS SO ORDERED**, this 25th day of September, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[7] If Petitioner files a notice of appeal, he must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.